1 **Marquis Aurbach Coffing**
Craig R. Anderson, Esq.
2 Nevada Bar No. 6882
Jackie V. Nichols, Esq.
3 Nevada Bar No. 14246
10001 Park Run Drive
4 Las Vegas, Nevada 89145
Telephone: (702) 382-0711
5 Facsimile: (702) 382-5816
canderson@maclaw.com
6 jnichols@maclaw.com
   Attorneys for LVMPD Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Nicholas Hansen, | Case Number: 2:19-cv-02234-APG-BNW |
| Plaintiff, | |
| vs. | **LVMPD DEFENDANTS' MOTION TO STAY DISCOVERY** |
| Officer Theodor "Teddy" Schaefer #9087, Officer Darrel Davies #14917, Sheriff Joe Lombardo, The Cromwell Las Vegas, Caesars Entertainment Corporation, Clark County, Clark County District Attorney Steven Wolfson, Ass. District Attorney Samuel Kern, DOES I through X, and/or ROE CORPORATIONS I through X, | |
| Defendants. | |

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Sheriff Joseph Lombardo ("Lombardo"), Officer Theodor "Teddy" Schaefer #9087 ("Schaefer"), and Officer Darrel Davies #14917 ("Davies"), (hereinafter "LVMPD Defendants"), by and through their attorneys of record, the law firm of Marquis Aurbach Coffing, hereby submit their Motion to Stay Discovery. This Motion is made and based upon all papers, pleadings,

. . .

. . .

. . .

. . .

. . .

and records on file herein, the attached Memorandum of Points and Authorities, and any oral argument allowed at a hearing on this matter.

Dated this 6th day of February, 2020.

MARQUIS AURBACH COFFING

By: /s/ Jackie V. Nichols
    Craig R. Anderson, Esq.
    Nevada Bar No. 6882
    Jackie V. Nichols, Esq.
    Nevada Bar No. 14246
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    Attorneys for LVMPD Defendants

## MEMORANDUM OF POINTS & AUTHORITIES

I.  **INTRODUCTION**

LVMPD Defendants seek a stay of proceedings and discovery pending this Court's resolution of a case-dispositive motion to dismiss. Indeed, the basis of LVMPD Defendants' motion is that Plaintiff failed to state a claim for relief. Additionally, the other named Defendants likewise filed dispositive motions. Discovery in this matter would be difficult because it is nearly impossible to determine the appropriate scope due to the lack of a cognizable claim. So, rather than subjecting the Parties to the continued expense and hassle of discovery, LVMPD Defendants respectfully ask this Court to stay discovery until the Court resolves the motion to dismiss.

II. **STATEMENT OF FACTS**

On August 27, 2019, plaintiff initiated suit against LVMPD Defendants (and others) regarding an incident that occurred in front of The Cromwell Hotel and Casino on the Las Vegas Strip (the "Cromwell") in the Eighth Judicial District Court of Clark County, Nevada ("State Court"). *See* ECF 1-1 (the "Complaint"), *generally*. LVMPD defendants were served with a copy of the Complaint on December 9, 2019. Defendants the Cromwell Las

Vegas and Caesars Entertainment Corporation removed plaintiff's Complaint from State Court to the United States District Court, District of Nevada on December 30, 2019. ECF No. 1.

The Complaint asserts the following causes of action:

1. Racketeering in violation of NRS 207.360;
2. Conspiracy in violation of 18 U.S.C. § 241;
3. Deprivation of Rights in violation of 18 U.S.C. § 242;
4. Unequal Enforcement in violation of the Fourteenth Amendment;
5. Kidnapping;
6. Retaliatory Prosecution in violation of the First Amendment;
7. Wrongful Imprisonment;
8. Malicious Prosecution;
9. False Arrest in violation of the Fourth Amendment;
10. Theft;
11. Abuse of Discretion;
12. Forgery;
13. Fraud;
14. Negligence;
15. Wanton Disregard of Safety;
16. Collusion;
17. Reckless Endangerment;
18. Defamation;
19. Intentional Infliction of Emotional Distress;
20. Negligent Infliction of Emotional Distress;
21. No Phone Calls Allowed; and
22. Loss of Consortium.

*See* ECF 1-1. On January 6, 2020, LVMPD Defendants filed their motion to dismiss. ECF No. 7. The motion was based on several grounds, including failure to properly assert allegations against Sheriff Lombardo and failure to state a claim for which relief can be granted. *Id.* Defendants Cromwell, Caesar's Entertainment, Clark County, District Attorney Wolfson, and Deputy District Attorney Samuel Kern also filed motions to dismiss. ECF Nos. 8 and 16.

III. **LEGAL STANDARD**

"A district court has discretionary power to stay proceedings in its own court." *Glaser v. Depuy Orthopedics, Inc.*, No. 2:12–cv–00895–MMD–CWH, 2012 WL 3542380, at *1 (D. Nev. Aug. 14, 2012) (citing *Landis v. N.A. Co.*, 299 U.S. 248, 254-55 (1936) (staying proceedings pending a decision regarding a motion to dismiss)). Further, courts may restrict discovery to protect a party from annoyance, harassment, or undue burden or expense. *See* FRCP 26(c); *cf.* FRCP 1 (the Rules shall "be construed and administered to secure the just, speedy, and inexpensive determination of every action"). Because courts have significant discretion to manage their dockets and control discovery, an order staying discovery pending resolution of a motion to dismiss will not be overturned absent a clear abuse of discretion. *See, e.g.*, *Lazar v. Kroncke*, 862 F.3d 1186, 1193 (9th Cir. 2017).

Although the Ninth Circuit Court of Appeals has held that a stay of discovery is permissible where there are no factual issues raised by a pending motion to dismiss, *see*, *e.g.*, *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984), *Wood v. McEwan*, 644 F.2d 797, 801 (9th Cir. 1981), the Ninth Circuit has not further articulated a standard for assessing motions to stay based upon the pending resolution of a motion to dismiss. *See U.S. v. Shoshone Paiute Tribes*, 2012 WL 2327676, *3 (D. Nev. June 19, 2012). However, judges in this District have repeatedly used the two-pronged test established by the Eastern District of California in *Mlenjnecky v. Olympus Imaging America*, No. 2:10–cv–02630 JAM KJN, 2011 WL 489743 (E.D. Cal. Feb. 7, 2011). *See e.g.*, *Hashem v. Army & Air Force Exch., Serv.*, No. 2:14-CV-00549-APG, 2014 WL 7146657, at *1 (D. Nev. Dec. 15, 2014)

(applying the *Mlenjnecky* standard and staying proceedings pending resolution of a motion to dismiss); *Stellia Ltd. v. B+S Card Service GmbH*, No. 2:12–CV–01099–GMN, 2013 WL 1195709, *4 (D. Nev. Mar. 22, 2013) (staying discovery pending motion to dismiss for improper venue); *Stephens v. LVNV Funding, LLC*, No. 2:12–cv–01159–GMN–VCF, 2013 WL 1069259, *3 (D. Nev. Mar. 14, 2013) (staying discovery pending motion to dismiss state-law claims as preempted by federal law); *Ministerio Roca Solida v. United States Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. Jan. 14, 2013) (staying discovery pending motion to dismiss based in part upon federal government's sovereign immunity).

Under the *Mlenjnecky* test, a party moving for a stay must establish that: (1) the pending motion is potentially dispositive of the entire case; and (2) the pending potentially dispositive motion can be decided without additional discovery. 2011 WL 489743 at *6. In applying this two-part test, *Mlenjnecky* also specifies that courts should take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id.* And, if the "preliminary peek" confirms that both elements of the test have been satisfied, the Court should issue an order staying discovery.

In this case, the Court should apply the *Mlenjnecky* standard because the test comports with the limited guidance from the Ninth Circuit and is consistent with the goal of efficiency that is fundamental to the Rules of Civil Procedure. *See Hashem*, 2014 WL 7146657, at *1 (using the *Mlenjnecky* test because "this court considers the goal of Federal Rule of Civil Procedure 1, which states that the rules must 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'") (quoting FRCP 1).

## IV. <u>LEGAL ARGUMENT</u>

A "preliminary peek" into the LVMPD Defendants' Motion to Dismiss is all that is necessary to demonstrate that a stay of discovery is warranted. Indeed, both *Mlenjnecky* factors are satisfied in this case because: (A) the Motion to Dismiss is dispositive of all of Plaintiff's claims; and (B) the Motion to Dismiss can—and should—be resolved without any

1 additional discovery. Further, (C) the requested stay is warranted to save the parties' and the
2 Court's resources.

### A. THE MOTION TO DISMISS IS DISPOSITIVE OF ALL CLAIMS.

LVMPD Defendants' motion is premised on the argument that Plaintiff failed to specify a legally cognizable claim, and thus, cannot survive the motion to dismiss standard. As articulated in LVMPD Defendants' motion to dismiss, there is no claim for relief identified in the Complaint. Furthermore, the other named Defendants likewise filed motions to dismiss. *See* ECF Nos. 8 and 16. Thus, the Motion to Dismiss may dispose of all claims against LVMPD Defendants, satisfying the first *Mlenjnecky* factor and militating toward this Court staying proceedings.

### B. THE MOTION TO DISMISS SHOULD BE RESOLVED WITHOUT ANY ADDITIONAL DISCOVERY.

Although discovery may proceed while a motion to dismiss is pending, the Ninth Circuit has recognized that an order staying discovery is appropriate where a motion to dismiss may be resolved without need for discovery. *See*, *e.g.*, *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987).

In this case, discovery is unnecessary because the primary basis upon which the LVMPD Defendants' seek dismissal is the legal insufficiency of Plaintiff's claims. The motion to dismiss thus, does not implicate any disputed factual issues or topics for discovery—indeed, the Complaint, as pleaded, has failed to state a claim for relief. Thus, the second *Mlenjnecky* factor is easily met.

### C. THE REQUESTED STAY IS WARRANTED TO SAVE THE PARTIES' AND THE COURT'S RESOURCES.

The Federal Rules of Civil Procedure recognize that the primary goal in the administration of justice is to "secure the just, speedy, and inexpensive determination of every action" that comes before the courts. *See* FRCP 1. Similarly, it is well-established that courts have significant discretion to manage their case loads and implement procedures

MAC:14687-245 3963010_1 2/6/2020 9:38 AM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

which promote fairness and efficiency. *Landis*, 299 U.S. at 254 (recognizing "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Here, the requested stay promotes efficiency because it is unlikely that this Court, given its significant caseload, will resolve the motion to dismiss in the near future. Indeed, based on counsel's experience litigating in this District, it is likely that the Court will not reach a decision until discovery is well underway or even completed. So, even if the Court grants the motion to dismiss, the Parties will incur significant expense in completing discovery for a case where discovery is unlikely to be a fruitful endeavor because of the uncertainty of Plaintiff's claims.

Thus, this Court should stay discovery pending resolution of the Motion to Dismiss because doing so would save everyone valuable time and resources. *See*, *e.g.*, *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir.1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

## V. CONCLUSION

For the foregoing reasons, LVMPD Defendants respectfully request this Court stay discovery pending resolution of the Motion to Dismiss.

Dated this <u>6th</u> day of February, 2020.

IT IS ORDERED that ECF No. 26 is GRANTED under LCR 47-3.

IT IS FURTHER ORDERED that the parties are to file a joint proposed discovery plan and scheduling order within 14 days after the motion to dismiss is decided, unless the case is dismissed in its entirety with prejudice.

IT IS SO ORDERED

DATED: **March 23, 2020**

_____
**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

MARQUIS AURBACH COFFING

By: /s/ Jackie V. Nichols
    Craig R. Anderson, Esq.
    Nevada Bar No. 6882
    Jackie V. Nichols, Esq.
    Nevada Bar No. 14246
    10001 Park Run Drive
    Las Vegas, Nevada 89145
    Attorneys for LVMPD Defendants

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **LVMPD DEFENDANTS' MOTION TO STAY DISCOVERY** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 6th day of February, 2020.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

N/A

/s/ Krista Busch
An employee of Marquis Aurbach Coffing

MAC:14687-245 3963010_1 2/6/2020 9:38 AM