# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

NICHOLAS HANSEN,

      Plaintiff

v.

THEODOR SCHAEFER, et al.,

      Defendants

Case No.: 2:19-cv-02234-APG-BNW

**Order on Motions to Dismiss**

[ECF Nos. 7, 8, 16]

Plaintiff Nicholas Hansen, a street performer on the Las Vegas Strip, sues Las Vegas Metropolitan Police Department (LVMPD) officers Darrel Davies and Theodor Schaefer, Sheriff Joseph Lombardo, and The Cromwell Las Vegas[1] for their roles in an incident on August 15, 2017, where Hansen was allegedly unlawfully arrested and identified as a "Sovereign Citizen Terrorist." ECF No. 1-1 at 14.  Hansen alleges that, based on this identification, defendant Caesars Entertainment Corporation trespassed him from all its properties.  He also alleges that defendants District Attorney Steven Wolfson and Deputy District Attorney Samuel Kern conspired with the other defendants to prosecute street performers without cause and then dropped the charges against Hansen to protect Davies, Schaefer, and Lombardo (the Metro defendants) from having to disclose the bulletin sent to Caesars which stated that Hansen was a sovereign citizen terrorist.  And he alleges that Clark County has a policy of removing street performers unlawfully.

Hansen alleges the following causes of action (against all defendants): (1) racketeering; (2) conspiracy; (3) deprivation of rights under 18 U.S.C. § 242; (4) Fourteenth Amendment

---

[1] The Cromwell Las Vegas and Caesars contend that The Cromwell was improperly named as a defendant and that the proper legal entity is Corner Investment Company, LLC.  The caption will be amended to name Corner Investment Company, LLC as the defendant.

unequal enforcement; (5) kidnapping; (6) retaliatory prosecution; (7) wrongful imprisonment; (8) malicious prosecution; (9) false arrest; (10) theft; (11) abuse of discretion; (12) forgery; (13) fraud; (14) negligence; (15) wanton disregard of safety; (16) collusion; (17) reckless endangerment; (18) defamation; (19) intentional infliction of emotional distress (IIED); (20) negligent infliction of emotional distress (NIED); (21) violation of Nevada Revised Statutes § 171.153 (failure to provide access to phone call in jail); and (22) loss of consortium.

The Metro defendants move to dismiss, arguing Hansen's claims are barred by the two-year statute of limitations, some of his claims do not contain a private right of action, and he fails to state a claim for which relief can be granted. Caesars and The Cromwell (the Caesars defendants) move to dismiss, arguing Hansen fails to allege any unlawful conduct by the Caesars defendants or what their roles were in his arrest and prosecution, and there is no private right of action for Hansen's criminal claims. They also join the Metro defendants' motion. And Wolfson, Hern, and Clark County (the DA defendants) move to dismiss, arguing they are immune from suit, there are no allegations of a county custom or policy, Hansen fails to state a claim for malicious prosecution, and Hansen's other allegations do not state a claim for relief under state law.

Hansen opposes the Metro defendants and the DA defendants' motions but does not directly respond to the Caesars defendants' motion. For the following reasons, I grant the DA defendants' motion. I also grant in part the Metro defendants' motion and the Caesars defendants' motion.

## I. BACKGROUND

On August 1, 2017, Hansen was confronted in front of The Cromwell by LVMPD officers Schaefer and Davies. ECF No. 1-1 at 6. They told him to leave the area. *Id.* One week

later, he returned to the location after researching and printing information on street performers'
rights. *Id.* at 7.  Officers Schaefer and Davies told Hansen he was obstructing a public walkway.
*Id.*  Hansen disputed this and stated he specifically chose the area because of its width so that he
would not obstruct the sidewalk. *Id.*  The officers gave Hansen a warning. *Id.* at 8.  On August
15, Hansen was again performing in the same area so Schaefer and Davies, with the assistance of
The Cromwell security, arrested him. *Id.*  Hansen was taken to a holding area inside The
Flamingo hotel and was questioned for about one hour without a *Miranda*[2] warning or attorney,
despite Hansen's request for one. *Id.* at 9.

Hansen was then allegedly driven around for more than an hour, taken to jail, and booked
without being allowed to make a phone call. *Id.* at 12.  He also was unable to take his
prescription for stress-induced seizures. *Id.*  Hansen spent ten hours in jail before he was
released. *Id.*

Hansen alleges that Schaefer and Davies forged a citation by citing two misdemeanor
offenses for obstructing a public walkway and changing the time of the court date for the
government and court copies, but intentionally leaving Hansen's copy unchanged. *Id.* at 10-12.
Hansen alleges the Metro defendants used a private company, APB.net, to send out a bulletin to
Caesars with his picture and identification as a sovereign citizen terrorist, which Caesars then
used to trespass him from its properties. *Id.* at 14.  And he alleges that Clark County has a policy
of harassing and removing street performers unlawfully. *Id.* at 15.

Hansen also alleges that on November 27, 2017, the DA defendants filed under seal an
arrest warrant for an alleged incident on August 1, 2017 where Hansen was carrying a toy gun
but was told he would not be cited for it. *Id.* at 16.  Hansen alleges all three misdemeanor charges

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

1  against him were eventually dismissed. *Id.* And he alleges that the DA defendants initially

2  refiled the obstruction charges in January 2018 but dropped the charges in May 2018 to protect

3  the defendants from having to disclose the APB.net bulletin at trial. *Id.* at 16-17.

4  **II.  ANALYSIS**

5         In considering a motion to dismiss, I take all well-pleaded allegations of material fact as

6  true and construe the allegations in a light most favorable to the non-moving party. *Kwan v.*

7  *SanMedica, Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, I do not assume the truth of

8  legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation*

9  *v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017).  A plaintiff must make sufficient

10 factual allegations to establish a plausible entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662,

11 678 (2009).  Such allegations must amount to "more than labels and conclusions, [or] a

12 formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S.

13 544, 555 (2007).  A complaint contains sufficient factual allegations when the allegations are

14 "enough to raise a right to relief above the speculative level." *Id.*  Pro se complaints are

15 construed liberally and I afford the plaintiff the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d

16 338, 342 (9th Cir. 2010).

17        **1.  DA Defendants' Motion**

18        The DA defendants argue that Wolfson and Kern are absolutely immune from a 42

19 U.S.C. § 1983 action because the allegations against them are based on actions they took within

20 the scope of their official duties as prosecutors. ECF No. 16 at 4-6.  They also argue that Clark

21 County should be dismissed from the action because there are no allegations of a custom or

22 policy that caused a civil rights deprivation. *Id.* at 7.  They contend the complaint demonstrates

23 that the DA's office had probable cause to initiate criminal proceedings, so Hansen's malicious

prosecution claim fails. *Id.* at 7-8.  And they argue that, to the extent any of the other state law claims are directed at them, Hansen fails to state a claim because there are no private causes of action for Hansen's criminal allegations and Hansen fails to allege that their conduct amounted to intentional infliction of emotional distress. *Id.* at 9.

Hansen responds that the DA defendants are not entitled to immunity because they were not acting as advocates during their involvement in defaming and conspiring against him. ECF No. 21 at 4-11.  He does not respond to the DA defendants' arguments pertaining to Clark County or the state law claims, so I grant those portions of the DA defendants' motion as unopposed. LR 7-2(d).

Prosecutors have absolute immunity for conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Absolute immunity may not apply when a prosecutor is engaged in investigative or administrative tasks, as opposed to when he is acting as an "officer of the court." *See Van De Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (quoting *Imbler,* 424 U.S. at 431 n.33).  Initiating a prosecution and presenting the government's case are acts entitled to absolute immunity as they involve the prosecutor's role as an "advocate for the State." *Imbler*, 424 U.S. at 431 n.33.  This is also true for "pretrial court appearances by the prosecutor in support of taking criminal action against a suspect." *Burns v. Reed*, 500 U.S. 478, 492 (1991).  "Without the promise of immunity from suit, a prosecutor would be distracted from his duties and timid in pursuing prosecutions rather than exercising the independent judgment and discretion that his office requires." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012).

Hansen's allegations against Wolfson and Kern concern their prosecution of his case. Deciding to initiate proceedings, refiling charges, and dismissing charges are actions that fall

within the DA defendants' roles as advocates for the state.  Wolfson and Kern are thus entitled to absolute immunity on Hansen's § 1983 claims.  Accordingly, I grant the DA defendants' motion to dismiss.

### 2.  Metro Defendants' Motion

#### a.  Criminal Claims

The Metro defendants argue that Hansen cannot plead a conspiracy claim stemming from 18 U.S.C. § 241 or a deprivation of rights claim under 18 U.S.C. § 242 because the statutes do not provide a private right of action for civil damages. ECF No. 7 at 7.  Hansen did not respond to the defendants' arguments concerning his deprivation of rights claim, so I grant that portion of the motion as unopposed. LR 7-2(d).  Further, to the extent Hansen's complaint seeks relief under §§ 242 or 241, those claims are dismissed with prejudice as these statutes do not contain a private right of action. *See Peabody v. United States*, 394 F.2d 175, 177 (9th Cir. 1968).

The Metro defendants also argue that Hansen's state law claims for kidnapping, theft, forgery, collusion, and reckless endangerment must be dismissed because the criminal statutes do not provide a private cause of action. ECF No. 7 at 7.  Hansen does not respond.  Accordingly, I grant this portion of the Metro defendants' motion as unopposed. LR 7-2(d).[3]

#### b.  Statute of Limitations

The Metro defendants argue that Hansen's § 1983 claims and state law personal injury and defamation claims are barred by the two-year limitation period because Hansen filed his complaint on August 27, 2019. ECF No. 7 at 7-9.  Hansen responds that his complaint and application to proceed in forma pauperis were received by the clerk of court before the limitation

---

[3] Nevada courts have held that there is no private cause of action for damages in penal statutes absent evidence of legislative intent. *Hinegardner v. Marcor Resorts, L.P.V.*, 844 P.2d 800, 803 (Nev. 1992).

period ran, and that the limitation period for Nevada's civil racketeering (RICO) claim is five years. ECF No. 20 at 1-2.

The Supreme Court of Nevada has determined that, "for statute of limitations purposes, the complaint would have to be considered filed on the date of actual receipt by the clerk of the district court." *Sullivan v. Eighth Jud. Dist. Ct.*, 904 P.2d 1039, 1042 (Nev. 1995). Hansen's alleged unlawful arrest occurred on August 15, 2017. The clerk of court received the complaint on August 13, 2019. *See* ECF No. 1-1 at 4. Accordingly, Hansen timely filed his civil rights complaint against the defendants and I deny their motion on statute of limitations grounds.

The Metro defendants argue in their reply brief that because LVMPD was first notified of the complaint on December 9, 2019, Hansen's state law claims are barred by Nevada Revised Statutes § 41.036(2), which requires a person who has a claim "against any political subdivision of the State arising out of a tort" to file the claim within two years. ECF No. 23 at 12-14. They contend that it is undisputed that the LVMPD defendants were served with a copy of the complaint on December 9. *Id.* I decline to consider arguments raised for the first time in a reply brief as Hansen has not had an opportunity to respond. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

      c.  <u>Federal Claims</u>

      *i.  Fourteenth Amendment – Unequal Enforcement*

The Metro defendants argue that Hansen fails to plausibly allege a selective enforcement claim under the 14th Amendment because he makes only conclusory assertions that he was treated differently than similarly situated street performers. ECF No. 7 at 10-12. Hansen responds that he has sufficiently alleged that he belongs to a class of street performers and the

1   defendants acted with a discriminatory purpose. ECF No. 20 at 18-19.  The Metro defendants

2   reply that the complaint does not identify or describe any other similar individuals who were not

3   prosecuted, nor does it allege that the defendants were motivated by a discriminatory purpose in

4   applying the Clark County Code against street performers. ECF No. 23 at 15-16.

5        The Equal Protection Clause of the Fourteenth Amendment is essentially a direction that

6   all similarly situated persons be treated equally under the law. *City of Cleburne, Tex. v. Cleburne*

7   *Living Ctr.*, 473 U.S. 432, 439 (1985).  The government has discretion in prosecuting its criminal

8   laws, but enforcement is subject to constitutional constraints. *Rosenbaum v. City & Cnty. of S.F.*,

9   484 F.3d 1142, 1152 (9th Cir. 2007).  To prevail on a selective enforcement equal protection

10   claim, "a plaintiff must demonstrate that enforcement had a discriminatory effect and the police

11   were motivated by a discriminatory purpose." *Id.*  To state a claim, the plaintiff must allege facts

12   demonstrating that similarly situated individuals could have been prosecuted but were not.

13   *Lacey*, 693 F.3d at 920.  Further, to establish that the defendants were motivated by a

14   discriminatory purpose, the plaintiff must demonstrate that the decision to enforce the law

15   against him was based on an impermissible ground, such as exercising one's constitutional

16   rights.  *Id.* at 922.

17        I read Hansen's complaint to allege two separate Fourteenth Amendment claims.  First,

18   Hansen alleges a "class of one" claim by alleging he was arrested and prosecuted when other

19   similarly situated street performers were not. ECF No. 1-1 at 18.  Hansen also alleges that street

20   performers who exercise their First Amendment rights are an identifiable protected class and that

21   the defendants prosecute them for obstructing sidewalks on the Strip but do not prosecute tourists

22   for blocking the sidewalks when they stop to take pictures or watch free performances, such as

23   the water fountains at Bellagio. *Id.* at 21.

Hansen fails to plausibly allege a selective enforcement "class of one" claim. He alleges that "there were many other Street Performers that were not arrested." ECF No. 1-1 at 18. This conclusory allegation provides no details on who these other street performers are, what conduct they were engaged in, and whether they also received prior warnings. However, Hansen may be able to assert facts demonstrating selective enforcement. I thus dismiss this claim without prejudice and allow Hansen to file an amended complaint if he has sufficient facts to support it.

The Metro defendants' do not move to dismiss Hansen's claims that street performers, as a class, are subject to selective enforcement. Accordingly, this claim will proceed.

ii.    *Retaliatory Prosecution*

The Metro defendants argue that Hansen has not plausibly alleged that Schaefer and Davies induced the DA defendants to bring charges against him, so his retaliatory prosecution claim fails. ECF No. 7 at 12. Hansen responds that being arrested instead of being issued a citation is evidence of retaliation. ECF No. 20 at 22. And he argues that the sealed arrest warrant and re-filing of the obstruction charges constitutes retaliatory prosecution. *Id.* at 22-23. The Metro defendants reply that Hansen fails to address the officers' conduct and instead asserts allegations against the DA defendants. ECF No. 23 at 16.

To state a claim for retaliatory prosecution, a plaintiff must plausibly allege that there was no probable cause for the underlying criminal charge. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1723 (2019) (citing *Hartman v. Moore*, 547 U.S. 250, 263-66 (2006)). Thus, a plaintiff must not only show "the subjective animus of an officer and subsequent injury" but also that the decision to press charges "was objectively unreasonable because it was not supported by probable cause." *Id.* Further, a plaintiff must show that the officer "induced the prosecutor to bring charges that would not have been initiated without his urging." *Hartman*, 547 U.S. at 262.

1   Hansen fails to allege that the DA defendants prosecuted him only at Schaefer and

2   Davies' urging.  He presents no facts connecting the Metro defendants' conduct to Hansen's

3   prosecution.  I thus dismiss this claim without prejudice.

4          d.  <u>State Law Claims</u>

5                 i.  *False Imprisonment*

6   The Metro defendants argue that Hansen's wrongful imprisonment claim fails because

7   under federal law this claim may be made only after a plaintiff has shown that the conviction or

8   sentence was overturned. ECF No. 7 at 13.  Hansen responds that he has asserted a state law

9   claim for false imprisonment under Nevada Revised Statutes § 200.460. ECF No. 20 at 23.

10   To state a false imprisonment claim under Nevada law, Hansen must allege that he was

11   restrained of his liberty without any legal justification. *Hernandez v. City of Reno*, 634 P.2d 668,

12   671 (Nev. 1981).  Hansen must allege that (1) the defendants intended to confine him, (2) he was

13   confined, and (3) he was injured. *Id.*  Even if an arrest was made legally, imprisonment following

14   the arrest may become unlawful if the arrestee is not taken before a court or magistrate within a

15   reasonable time. *Nelson v. City of Las Vegas*, 665 P.2d 1141, 1144-45 (Nev. 1983).

16   Hansen alleges that the Metro defendants and the Caesars defendants detained him in a

17   holding cell at The Flamingo hotel for an hour without cause because he was not violating any

18   laws.  He also alleges that he spent 10 more hours in jail before he was released.  And he notes

19   that the charges against him were dismissed.  Taking Hansen's allegations as true, he has

20   plausibly alleged a state law false imprisonment claim against the Metro defendants and the

21   Caesars defendants.  Eventually, he will have to demonstrate that the officers lacked probable

22   cause to detain him or that, while his arrest was lawful, his time in jail was unreasonable.  I thus

23

1  deny the Metro defendants' motion as to this claim against the Metro defendants and the Caesars

2  defendants.[4]

3                    ii.    Civil Racketeering

4          The Metro defendants argue that Hansen fails to meet the stringent pleading standard for

5  a civil racketeering claim. ECF No. 7 at 13.  They argue that of the crimes alleged, only

6  kidnapping and forgery are related to racketeering and Hansen does not allege the elements of

7  those crimes. *Id.* at 14.  And they argue that, because Hansen cannot allege kidnapping under

8  Nevada law, his claim fails because a plaintiff must plead at least two crimes related to

9  racketeering. *Id.*  Hansen responds that he has alleged that the defendants committed eight crimes

10  related to racketeering. ECF No. 20 at 16-17.

11          "Nevada courts have interpreted the state RICO statute consistently with the provisions of

12  federal RICO." *Steele v. Hosp. Corp. of Am.*, 36 F.3d 69, 71 (9th Cir. 1994) (citing *Allum v.*

13  *Valley Bank of Nev.*, 849 P.2d 297, 298 n.2 (Nev. 1993) ("Nevada's racketeering statutes . . . are

14  patterned after the federal [RICO] statutes"), *cert. denied*, 510 U.S. 857 (1993)).  To state a

15  claim, a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of

16  racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or

17  property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir.

18  2005) (citation omitted)); *see also* Nev. Rev. Stat. § 207.390 (defining racketeering activity as

19  "engaging in at least two crimes related to racketeering that have the same or similar pattern,

20  intents, results, accomplices, victims or methods of commission, or are otherwise interrelated by

21

22  _____

23  [4] The Caesars defendants joined the Metro defendants' motion. ECF No. 12.  While Hansen does
not respond to the Caesars defendants' motion to dismiss, he refers to their alleged roles in his
response to the Metro defendants' motion.  Accordingly, I consider arguments Hansen makes
regarding the Caesars defendants' roles in the incident.

distinguishing characteristics and are not isolated incidents").  Further, a plaintiff must state with particularity and specificity the time, place, and content of the alleged underlying acts, as well as the parties involved and their individual participation. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004); *see also Hale v. Burkhardt*, 764 P.2d 866, 869-70 (Nev. 1988).

Hansen's complaint fails to state a racketeering claim against any of the defendants.  He misunderstands Nevada's kidnapping statute, which requires that a person be seized for a purpose, such as ransom or extortion. Nev. Rev. Stat. § 200.310; *see also Lovell v. State*, 546 P.2d 1301, 1303 (Nev. 1976) (laying out the elements of kidnapping).  He does not allege that he was kidnapped for such a purpose.  Hansen also fails to state particular facts about who committed the alleged criminal acts, when they occurred, and how the acts were related, instead of merely alleging isolated incidents.  And finally, without going into detail into each alleged crime, Hansen cannot simply assert that the defendants committed crimes, such as robbery, extortion, and battery, without alleging facts that support the elements of such crimes.  I thus grant the Metro defendants' motion and dismiss Hansen's Nevada RICO claim without prejudice.

### iii.    Malicious Prosecution

The Metro defendants argue that Hansen's malicious prosecution claim fails because he does not sufficiently allege that the underlying criminal proceedings were terminated in his favor. ECF No. 7 at 15.  Hansen responds that he has plausibly alleged that he was arrested without probable cause, that the defendants acted in malice, and that the charges against him were terminated after nine months. ECF No. 20 at 24.

To state a malicious prosecution claim under Nevada law, a plaintiff must allege that (1) the defendants lacked probable cause to initiate the prosecution, (2) malice, (3) the prior

criminal proceedings were terminated in the plaintiff's favor, and (4) damages. *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002) (citation omitted).  "A malicious prosecution claim requires that the defendant initiated, procured the institution of, or actively participated in the continuation of a criminal proceeding against the plaintiff." *Id.* at 879-80.

Hansen alleges that all of his charges were dismissed by the justice of the peace. ECF No. 1-1 at 16.  And he alleges that the DA defendants dropped the refiled charges and his case was dismissed. *Id.* at 17.  He thus sufficiently alleges that the underlying criminal proceedings were terminated in his favor.  The Metro defendants' do not argue that Hansen fails to plausibly allege the other elements of the claim.  I therefore deny the Metro defendants' motion as to this claim.

> *iv.    Abuse of Discretion and Wanton Disregard of Safety*

Hansen's claims for abuse of discretion and wanton disregard of safety fail because they are not viable civil claims.  Hansen cites to *State v. Bayard* for support, but that case pertains to whether to grant a motion to suppress in a criminal case due to an officer's abuse of discretion, and it is irrelevant to Hansen's claim. 71 P.3d 498, 503 (Nev. 2003).  Hansen has pointed to no statute that provides for a private cause of action, so I dismiss these claims with prejudice.

> *v.    Fraud*

The Metro defendants argue that Hansen fails to identify a specific false representation that Schaefer and Davies knew or believed was false and intended Hansen to act on. ECF No. 7 at 16.  They also argue Hansen does not allege that he relied on any representation to his detriment. *Id.*  Hansen responds that the defendants committed fraud upon the court "with their lies, perjury and forgery of citations and arrest documents." ECF No. 20 at 25.

To state a claim for fraud under Nevada law, a plaintiff must allege: (1) that defendants made a false representation; (2) with knowledge of its falsity; (3) with intent to induce reliance

on the misrepresentation; (4) that plaintiff justifiably relied on the misrepresentation; and (5) that plaintiff suffered damages as a result. *Nau v. Sellman*, 757 P.2d 358, 360 (Nev. 1988).  Fraud claims must be stated with particularity. Fed. R. Civ. P. 9(b).

Hansen fails to state a claim for fraud because the alleged fraud was upon the court, not on him.  He also fails to allege facts supporting the third and fourth elements of the claim because he alleges that he knew the defendants were lying and forged the citations given to the court.  I thus grant the motion and dismiss this claim with prejudice.

*vi.     Intentional Infliction of Emotional Distress*

The Metro defendants argue that Hansen fails to plausibly allege he suffered any emotional distress as a result of their conduct. ECF No. 7 at 17.  Hansen responds that the defendants acted with the intent to instill fear and terror in him and that he still has nightmares from the incident. ECF No. 20 at 27.

To state a claim for IIED, a plaintiff must allege "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Olivero v. Lowe*, 995 P.2d 1023, 1025 (Nev. 2000).  Hansen alleges only that he was scared and still has nightmares.  His allegations, without more, are insufficient to state a claim for IIED. *See Kennedy v. Carriage Cemetery Servs., Inc.*, 727 F. Supp. 2d 925, 933 (D. Nev. 2010) ("Insomnia and nightmares standing alone will not support an IIED claim in Nevada.") (analyzing two Nevada Supreme Court cases).  Accordingly, I grant the Metro defendants' motion as to this claim without prejudice.

/ / / /

/ / / /

14

1                 *vii.*    *Negligent Infliction of Emotional Distress and Loss of Consortium*

2        The defendants argue that Hansen fails to state a claim because he does not allege his

3 emotional distress resulted in physical symptoms. ECF No. 7 at 18.  And they argue that Hansen

4 lacks standing to assert a loss of consortium claim on behalf of his wife. *Id.* at 18-19.  Hansen

5 does not respond, so I grant this portion of their motion as unopposed. LR 7-2(d).

6        e.  <u>Sheriff Joseph Lombardo</u>

7        The Metro defendants argue that Lombardo should be dismissed from the action because

8 there are no allegations that he participated in, directed, or knew of the events giving rise to this

9 suit. ECF No. 7 at 6.  Hansen responds that because Lombardo is aware that Metro officers

10 prohibit street performers from exercising their constitutional rights, he should not be dismissed

11 given his involvement in the conspiracy to take away Hansen and other street performers' rights.

12 ECF No. 20 at 13-15.

13        To establish § 1983 liability, a plaintiff must show that each defendant personally

14 participated in the alleged rights deprivation. *Jones v. Williams*, 297 F. 3d 930, 934 (9th Cir.

15 2002).  "[T]here is no respondeat superior liability under section 1983." *Id.*  A supervisor can

16 only be liable for constitutional violations of his subordinates if the supervisor participated in,

17 directed, or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d

18 1040, 1045 (9th Cir. 1989).  Thus, a supervisor is liable for "own culpable action or inaction in

19 the training, supervision, or control of his subordinates, his acquiescence in the constitutional

20 deprivations of which the complaint is made, or conduct that showed a reckless or callous

21 indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011)

22 (quotations omitted).

23

1       Hansen alleges that Lombardo and "Clark County Commissioners" instructed Metro

2  officers to restrict street performers from sidewalks and that such restrictions deprive him of his

3  First Amendment rights. ECF No. 1-1 at 17.  He thus states a claim for individual liability, so I

4  deny the Metro defendants' motion as to Lombardo.

5         f.   <u>Remaining claims</u>

6       The metro defendants do not move to dismiss on the merits Hansen's claims for false

7  arrest, negligence, defamation, or violation of Nevada Revised Statutes § 171.153.  Instead, they

8  argue these claims should be dismissed on statute of limitations grounds.  Because Hansen

9  timely filed his complaint, these claims will proceed.

10       **3.  The Caesars Defendants' Motion**

11       The Caesars defendants filed a motion to dismiss and joined the Metro defendants'

12  motion. ECF Nos. 11, 12.  Their motion had similar arguments to those addressed above.

13  Hansen did not directly respond to the Caesars defendants' motion.  Thus, except for Hansen's

14  false imprisonment claim, I grant the Caesars defendants' motion as unopposed. LR 7-2(d).

15  **III.  CONCLUSION**

16       I THEREFORE ORDER that defendants District Attorney Steven Wolfson, Deputy

17  District Attorney Samuel Kern, and Clark County's motion to dismiss **(ECF No. 16) is**

18  **GRANTED with prejudice.**  These defendants are dismissed from the action.

19       I FURTHER ORDER that defendants Theodor Schaefer, Darrel Davies, and Joseph

20  Lombardo's motion to dismiss **(ECF No. 7) is GRANTED in part.**  I dismiss plaintiff Nicholas

21  Hansen's claims of kidnapping, theft, forgery, collusion, reckless endangerment, and negligent

22  infliction of emotional distress as unopposed.  Hansen's abuse of discretion, fraud, and wanton

23  disregard of safety claims are dismissed with prejudice.  Hansen's claims of "class of one"

1 unequal enforcement under the Fourteenth Amendment, retaliatory prosecution, Nevada RICO,

2 and intentional infliction of emotional distress are dismissed without prejudice.  Hansen's

3 remaining claims against defendants Davies, Schaefer, and Lombardo are (1) false arrest,

4 (2) negligence, (3) defamation, (3) violation of Nevada Revised Statutes § 171.153, (4) false

5 imprisonment, (5) Fourteenth Amendment unequal enforcement against street performers, and

6 (6) malicious prosecution.

7      I FURTHER ORDER the clerk of court to amend the caption to name Corner Investment

8 Company, LLC as the proper defendant in place of The Cromwell.

9      I FURTHER ORDER that defendants Corner Investment Company, LLC and Caesars

10 Entertainment Corporation's motion to dismiss **(ECF No. 8) is GRANTED in part.**  I grant the

11 motion as to all claims except Hansen's false imprisonment claim.

12      I FURTHER ORDER that Hansen may file an amended complaint curing the defects

13 identified in this order by **October 5, 2020**.

14      DATED this 14th day of September, 2020.

15

16                                            _____

                                          ANDREW P. GORDON

17                                           UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23