**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Nicholas Hansen,

           Plaintiff,

    v.

Theodor Schaefer, et al.,

           Defendants.

Case No. 2:19-cv-02234-APG-BNW

**ORDER**

Before the Court is Defendants' Caesars Entertainment Corporation (Caesars) and Corner Investment Company (Corner Investments) motion to strike Plaintiff's demand for a jury trial. ECF No. 47. Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Sheriff Joseph Lombardo ("Lombardo"), Officer Theodor "Teddy" Schaefer #9087 ("Schaefer"), and Officer Darrel Davies #14917 ("Davies") joined. ECF No. 48. Plaintiff responded. ECF No. 49. Defendants Caesars and Corner Stone replied. ECF No. 50. Here, Plaintiff's jury demand was not timely and the Court, in its discretion, will not order a jury trial.

## I.    Relevant Procedural Background

This case originated in state court. Plaintiff represented himself at the time and did not request a jury trial in his complaint. ECF No. 1-1. The case was eventually removed to federal court. ECF Nos. 1, 3. Shortly thereafter, on January 9, 2020, Plaintiff's attorney appeared in this case. ECF No. 13.

Caesars filed a motion dismiss, which was granted as to all claims except for the false imprisonment claim. ECF No. 30. Thereafter, on January 21, 2021, Caesars filed its answer to Plaintiff's complaint. ECF No. 43.

On March 17, 2021, Plaintiff demanded a jury trial. ECF No. 46.

## II. Discussion

Rule 38(a) of the Federal Rules of Civil Procedure provides that the right to a jury trial, as guaranteed by the Seventh Amendment to the Constitution, is to be preserved inviolate. Fed. R. Civ. P. 38(a). Rule 38(b) explains how a demand for a jury trial is to be made. Fed. R. Civ. P. 38(b). Specifically, a party must assert this right "no later than 14 days after the last pleading directed to the issue is served . . . ." *Id*. In addition, Rule 38(d) provides that unless a party serves a demand as required by Rule 38(b), and files it, the party waives its right to a jury trial. Fed. R. Civ. P. 38(d).

Nevertheless, the Court has discretion to order a jury trial on a motion by a party who has not timely demanded one. Fed. R. Civ. P. 39(b). But the Court's discretion is not unbridled: a request for a jury trial must be denied unless some cause beyond mere inadvertence is shown. *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd*., 239 F.3d 1000 (9th Cir. 2001).

Here, Defendants' argument is simple and tracks the Rule's language: Rule 38 requires a party to demand a jury trial within 14 days of being served with the last pleading directed to the issue for which the party is demanding a jury trial. The last such pleading in this case was Caesars' answer on January 21, 2021. As a result, Plaintiff should have filed his demand for a jury trial on or before February 4, 2021. Instead, it was filed on March 17, 2021. Defendants concede that courts have discretion to order a jury trial even when the deadline is not met, but they argue that courts' ability to exercise this discretion does not extend to cases in which the party's failure to act in a timely manner is the result of oversight or inadvertence. Given that Plaintiff's demand for a jury trial does not explain why it was filed late, Defendants argue that their motion to strike it should be granted.

Plaintiff does not seem to disagree that he filed his demand for a jury trial late. But he provides several reasons as to why the Court should exercise its discretion and order a jury trial. These include: (1) Plaintiff did not have an attorney until January 9, 2020 and did not realize that he had to assert the right to a jury trial; (2) while Plaintiff eventually retained an attorney, his attorney assumed (albeit incorrectly) that Plaintiff had already asserted his right to a jury trial and, in any event, assumed that—like in state court—he would be able to assert the right at the time

the case was set for trial; (3) after Plaintiff's attorney appeared, he had to quickly divert his attention to responding to motions to dismiss; (4) it would be unconstitutional to assume Plaintiff waived his right to a jury trial by not asserting it; (5) Plaintiff did not "voluntarily, knowingly, and intelligently" waive this right to a jury trial; (6) the denial of the right to a jury trial would deprive Plaintiff of his religious rights; and (7) Plaintiff has been experiencing medical issues. For all these reasons, Plaintiff asks this Court to order a jury trial.

Defendants assert several arguments in reply. Defendants argue that pro se plaintiffs are not exempt from the Federal Rules of Civil Procedure. Defendants also argue that Plaintiff's attorney's reasons for not asserting this right in a timely manner are not valid reasons to give Plaintiff a jury trial despite his untimely demand. Additionally, Defendants argue there are no constitutional infirmities to the rule requiring Plaintiff to assert his right, that there is no requirement that Plaintiff voluntarily, knowingly, and intelligently waive this right, and that enforcing this rule would not deprive Plaintiff of any religious rights. Lastly, Defendants argue that Plaintiff's poor health is irrelevant, especially because Plaintiff has an attorney who could have asserted this right for him.

The Court finds that Plaintiff's demand for a jury trial was untimely. The deadline for Plaintiff to file his jury demand was February 4, 2021. He filed his demand on March 17, 2021. ECF No. 46. And while the Court does have discretion to order a jury trial, it will not exercise it in this case, as it agrees with all of Defendants' arguments. First, the fact that Plaintiff was pro se is not a valid justification for the missed deadline. Courts have repeatedly stated that pro se litigants are to be held to the same standards as represented parties. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."); *see also Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (holding that pro se plaintiff's good-faith mistake as to the deadline for demanding a jury trial establishes no more than inadvertence, which is not a sufficient basis to grant relief from an untimely jury demand). And, in this case, that argument is even less persuasive given that Plaintiff *did* have an attorney during the time this right could have

1  been asserted. Counsel made an appearance on January 9, 2020, and had until February 4, 2020,

2  to assert this right on behalf of his client.

3       Despite counsel's arguments to the contrary, the three reasons offered to explain why he

4  did not assert this right in a timely fashion fall under the category of "inadvertence": counsel

5  thought that Plaintiff already made the request when filing the complaint in state court; counsel

6  thought that the same rules that govern jury trials in state court applied in federal court; and

7  counsel was busy and distracted by other demands.[1] These are all classic examples of

8  inadvertence. As explained above, the Court cannot exercise its discretion to allow a jury trial

9  when the demand was untimely made because of inadvertence. *See Pac. Fisheries Corp.*, 239

10 F.3d 1000 (9th Cir. 2001); *Wilson v. Corning Glass Works*, 195 F.2d 825 (9th Cir. 1952);

11 *Atanasio v. Cosmopolitan Shipping Co.*, 20 F.R.D. 363 (E.D.N.Y. 1957).

12      Importantly, none of Plaintiff's constitutional arguments are recognized in the Ninth

13 Circuit.[2] First, there is binding Ninth Circuit law that a litigant may waive his Seventh

14 Amendment right to a jury trial by failing to affirmatively demand it. *Wilson v. Corning Glass

15 Works*, 195 F.2d 825, 827–28 (9th Cir. 1952). Thus, Plaintiff's argument that such waiver must

16 be voluntary, knowing, and intelligent fails. Lastly, Plaintiffs' health—while unfortunate—is not

17 relevant because he had an attorney who could have asserted this right for him. Accordingly, the

18 Court, in its discretion, will not order a jury trial in this case.

19      **IT IS THEREFORE ORDERED** that Defendants' motion to strike Plaintiff's jury

20 demand (ECF No. 47) is GRANTED.

21      **IT IS FURTHER ORDERED** that the hearing set for June 10, 2021, on this motion is

22 VACATED.

23      DATED: June 4, 2021

24                                    _____
                                      BRENDA WEKSLER
25                                    UNITED STATES MAGISTRATE JUDGE

26 [1] Counsel suggests that he was too busy to demand a jury trial, because he had to respond to Defendants' motions to dismiss. That argument is unpersuasive because counsel responded to the motions to dismiss on January 22, 2020 and

27 January 24, 2020 (ECF Nos. 20, 21), but counsel had until February 4, 2021 to demand a jury trial.
   [2] The Court includes Plaintiff's arguments as to his religious right to a jury trial within this category of arguments. As

28 to this specific argument, Plaintiff only provides a federal statute but does not develop the argument nor does he provide any case law supporting his argument.