# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

NICHOLAS HANSEN,

     Plaintiff,

v.

THEODOR SCHAEFER, DARREL DAVIES, JOE LOMBARDO, CAESARS ENTERTAINMENT CORPORATION, and CORNER INVESTMENT COMPANY, LLC,

     Defendants.

Case No.: 2:19-cv-02234-APG-BNW

**Order**

[ECF Nos. 55, 60]

Plaintiff Nicholas Hansen sues Caesars Entertainment Corporation and Corner Investment Company, LLC (collectively, Caesars) for false imprisonment. Hansen argues that Caesars was complicit in his improper detention when he was arrested by police officers. The officers held Hansen in a security room located in the Flamingo Hotel (which Caesars owns) while they completed his arrest paperwork.[1] Caesars moves for summary judgment, arguing that the officers had probable cause to arrest Hansen, which is a defense to false imprisonment. Hansen responds that the officers lacked probable cause to arrest him because they misunderstood the ordinance under which he was arrested, and that even if there was probable cause, he was falsely imprisoned pre-arrest.

I grant Caesars's motion. Even viewing the evidence in the light most favorable to Hansen, a reasonable jury could not conclude that the officers lacked probable cause to arrest him, or that he was falsely imprisoned pre-arrest.

---

[1] I will address Hansen's claims against the officers by separate order.

## I.   **BACKGROUND**

In 2017, Las Vegas Metropolitan Police Department (Metro) officers were in the surveillance room of the Flamingo Hotel where they watched Hansen through a live security-camera feed. ECF No. 82-1 at 3.  Hansen was standing on the sidewalk outside the Cromwell Hotel, holding a large sign, and advertising for local strip clubs. *Id.* at 2; ECF No. 60-10 at 1:14, 2:33.  His sign read "[s]trip clubs[,] it is unavoidable[,] [i]t is your destiny," on one side, and "[h]urray for boobies," on the other. ECF No. 60-10 at 1:14, 2:33.  Officer Schaefer testified that Hansen stood "in front of [an] escalator, almost right in line with one of the handrails." ECF No. 82-2 at 3.  Officer Davies testified that, because the pedestrian zone was "busy" and there were "a lot of people along the boulevard," Hansen was "impeding the flow of traffic," particularly on the escalator. ECF No. 82-1 at 5.

After the officers saw that "multiple people [were] going around [Hansen,] . . . causing a backup [of] people on the escalator," they concluded that the situation risked injury to passersby, so they arrested him under Clark County Code of Ordinances (CCCO) § 16.11.090.[2] *Id.*; ECF No. 60-1 at 1.  The officers held Hansen in a security room located in the nearby Flamingo Hotel while they completed his arrest paperwork. ECF No. 60-1 at 2; ECF No. 82-2 at 6.  Eventually, Hansen was transported to the Clark County Detention Center. ECF No. 82-1 at 6.  Hansen claims that he was falsely imprisoned while in custody in the Flamingo Hotel security room.

/ / / /

/ / / /

---

[2] The Metro officers cited Hansen for two ordinance violations under CCCO § 16.11: obstructing a public sidewalk and storing materials on a public sidewalk. ECF No. 61-2 at 2.  I need not reach the second violation because I conclude that the Metro officers had probable cause to arrest Hansen for obstruction.

## II.   <u>ANALYSIS</u>

Summary judgment is proper where a movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  The moving party bears the initial burden of informing the court of the basis of its motion and the absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  When the nonmoving party has the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325; *see also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) (stating that the moving party can meet its initial burden by "pointing out through argument . . . the absence of evidence to support plaintiff's claim").

Once the moving party carries its burden, the nonmoving party must "make a showing sufficient to establish the existence of [the disputed] element to that party's case." *Celotex*, 477 U.S. at 322.  I view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Nevada law, false imprisonment is "an unlawful violation of the personal liberty of another, and consists [of] confinement or detention without sufficient legal authority." *Lerner Shops of Nev., Inc. v. Marin*, 423 P.2d 398, 400 (Nev. 1967).  "There is no false imprisonment where [an] accused is imprisoned under [a] valid legal process." *Nelson v. City of Las Vegas*, 665 P.2d 1141, 1144 (Nev. 1983) (internal quotation marks omitted).  An arrest supported by

probable cause amounts to detention under a valid legal process, and it cannot give rise to a claim for false imprisonment. *See Hernandez v. City of Reno*, 634 P.2d 668, 671 (Nev. 1981) (affirming dismissal of false imprisonment claims where police had probable cause to arrest).

"Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." *Blankenhorn v. City of Orange*, 485 F.3d 463, 471 (9th Cir. 2007) (quotation omitted). "[P]robable cause means [a] fair probability, not [a] certainty or even a preponderance of the evidence." *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (en banc) (quotation omitted). It is "not a high bar." *Kaley v. United States*, 571 U.S. 320, 338 (2014).

Even reasonable mistakes of law and fact can justify probable cause. *See, e.g.*, *Heien v. N.C.*, 574 U.S. 54, 60-62 (2014) ("To be reasonable is not to be perfect . . . ."). For example, "if officers with probable cause to arrest a suspect mistakenly arrest an individual matching the suspect's description, neither the seizure nor an accompanying search of the arrestee would be unlawful." *Id.* at 61. The inquiry is based on the information "known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). The inquiry is objective. *Id.* at 153 ("Our cases make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause."). In civil cases, the existence of probable cause is generally a question of fact for the jury. *Gasho v. United States*, 39 F.3d 1420, 1428 (9th Cir. 1994). However, if there is no genuine issue of fact even when viewing the evidence in the light most favorable to the nonmoving party, then "summary judgment is appropriate if no reasonable jury could find an absence of probable cause under the facts." *Id.*

1    The CCCO provides that "no obstructive use, other than a permitted obstructive use,[3]

2    shall be permitted upon any sidewalk . . . if [it] would: (a) [c]ause the [level of service] for the

3    sidewalk to decline below [level] C; or (b) [r]esult in a significant threat to or degradation of the

4    safety of pedestrians." Clark Cnty. Code Ords. §§ 16.11.035(a), (b).  Level C exists when

5    pedestrian flow is limited to ten people or less per minute, per foot. *Id.* §§ 16.11.020(b), (f).  The

6    CCCO further provides that "[a]ny person who violates any of the provisions of this chapter is

7    guilty of a misdemeanor." *Id.* § 16.11.090.

8    Caesars argues that Hansen was never falsely imprisoned because the Metro officers had

9    probable cause to arrest him for obstructing the sidewalk.  Hansen responds that the officers

10   lacked probable cause under the ordinance because they failed to calculate the level of service

11   attributable to his conduct, and they admitted in their depositions that the level of service did not

12   decline below level C.

13   Viewing the facts in the light most favorable to Hansen, a reasonable jury could not

14   conclude that the officers lacked probable cause to arrest him under CCCO § 16.11.090.  The

15   officers observed Hansen on the sidewalk for approximately 40 minutes. ECF No. 60-1 at 1-2.

16   During that time, they saw "multiple people going around [him] . . . causing a backup [of] people

17   on the escalator." ECF No. 82-1 at 5.  They also witnessed Hansen engaging passersby in

18   conversation, forcing "people coming off the escalators . . . to walk around them." *Id.*  Based on

19   these observations and the totality of information available to them, the officers concluded that

20   the situation risked injury to passersby, so they arrested him. *Id.*; ECF No. 60-1 at 1.  They

21

22   _____

23   [3] Hansen does not argue that his conduct amounted to a permitted obstructive use.  But those
     uses include construction, repair, the placement of public safety equipment, the placement of
     licensed news racks, and uses that are protected by the National Labor Relations Act. Clark Cnty.
     Code Ords. §§ 16.11.020(g)(1)-(5).

marked on Hansen's citation that he "did obstruct, block, hinder, or interfere with pedestrian passage . . . which resulted in a threat or degradation to the safety of pedestrians," thereby invoking the ordinance subsection pertaining to pedestrian safety and not the subsection pertaining to level of service. ECF No. 61-2 at 2.  Hansen offers no evidence that he did not obstruct pedestrian traffic near the escalator or otherwise degrade pedestrian safety, and the officers did not need to suspect or prove a decline in level of service to establish probable cause under CCCO § 16.11.035(b).  Based on the evidence Hansen provides, the officers had probable cause to arrest, and Hansen was not falsely imprisoned post-arrest. [4]  A reasonable jury could not conclude otherwise.

Hansen argues that, even if probable cause supported his arrest, he was falsely imprisoned in the Flamingo during an excessively long pre-arrest detention.  But a reasonable jury could not reach this conclusion because Hansen was placed under arrest at the outset of the incident. *See* ECF No. 60-9 at 1:01 (showing that, before officers took Hansen into the Flamingo, they approached him on the street, handcuffed him, and immediately explained that he was under arrest); *see also* ECF No. 82-1 at 6 ("We decided to arrest [Hansen] when we made contact with him and then we put him in handcuffs.").  There is no genuine dispute that Hansen was placed under arrest during his first contact with officers on the street (and before they entered the

---

[4] Flamingo Hotel surveillance footage separately supports the conclusion that the officers had probable cause to arrest Hansen for violating the ordinance. *See, e.g.*, ECF No. 60-6 at 21:23:11, 21:52:16 (showing congestion near an escalator as multiple pedestrians either pause and turn to observe Hansen, or otherwise walk around him); *id.* at 21:14:21, 21:15:00, 21:18:06, 21:19:33, 21:20:20, 21:27:45-28:00; 21:49:26, 21:51:54, 21:56:07, 21:58:27 (showing pedestrians dip their heads or adjust their courses to avoid Hansen's sign); *see also* Clark Cnty. Code Ord. §§ 16.11.020(e)(3), (7) (providing that holding a sign and "delaying, hindering, blocking, hampering, or interfering with pedestrian passage" constitutes an obstructive use of a public sidewalk).

Flamingo), so there was no pre-arrest detention inside the Flamingo during which Hansen could have been falsely imprisoned.

### III.   <u>CONCLUSION</u>

I THEREFORE ORDER that defendants Corner Investment Company, LLC and Caesars Entertainment Corporation's motion for summary judgment **(ECF No. 60) is GRANTED**.

I FURTHER ORDER that defendants Corner Investment Company, LLC and Caesars Entertainment Corporation's motion for summary judgment **(ECF No. 55) is DENIED** as moot.

DATED this 24th day of March, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE