UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICHOLAS HANSEN,<br><br>     Plaintiff,<br><br>v.<br><br>THEODOR SCHAEFER, DARREL DAVIES, JOE LOMBARDO, CAESARS ENTERTAINMENT CORPORATION, and CORNER INVESTMENT COMPANY, LLC,<br><br>     Defendants. | Case No.: 2:19-cv-02234-APG-BNW<br><br>**Order Granting in Part Defendants' Motion for Summary Judgment**<br><br>[ECF No. 58] |

Las Vegas Metropolitan Police Department (Metro) officers Theodor Schaefer and Darrel Davies arrested plaintiff Nicholas Hansen for obstructing a public sidewalk outside the Cromwell Hotel. Hansen was charged with violating Clark County Code of Ordinances § 16.11.020. Hansen now sues Schaefer, Davies, and sheriff Joe Lombardo for false arrest, false imprisonment, negligence, malicious prosecution, defamation, Fourteenth Amendment selective enforcement, and violation of Nevada Revised Statutes (NRS) § 171.153.

The defendants move for summary judgment, arguing that Hansen did not name a necessary party (Metro), he failed to comply with Nevada's claim-notice statute, they are entitled to discretionary immunity, and his claims otherwise fail on the merits. Hansen responds that naming Metro was unnecessary, he complied with the claim-notice statute, the officers are not entitled to discretionary immunity, and summary judgment on the merits would be improper.

The parties are familiar with the facts, so I repeat them only as necessary to resolve the motion. I grant the motion in part. Even viewing the evidence in the light most favorable to Hansen, a reasonable jury could not conclude that the officers lacked probable cause to arrest

him, so his claims for false arrest, false imprisonment, malicious prosecution, and negligence fail. Hansen offers no evidence of a discriminatory effect or purpose, so he cannot prevail on his claim of selective enforcement under the Fourteenth Amendment. There is likewise no evidence to conclude that the officers were involved in either the publication of defamatory material or the refusal to permit Hansen's use of a telephone post-booking. However, it is unclear whether Hansen is suing Lombardo in his individual or official capacity (or both), and the parties' briefs do not adequately address how the various arguments apply to Lombardo in either capacity. Consequently, I only grant summary judgment on some claims against Lombardo.

## I.     ANALYSIS

Summary judgment is proper where a movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The moving party bears the initial burden of informing the court of the basis of its motion and the absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the nonmoving party has the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325; *see also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) (stating that the moving party can meet its initial burden by "pointing out through argument . . . the absence of evidence to support plaintiff's claim").

Once the moving party carries its burden, the nonmoving party must "make a showing sufficient to establish the existence of [the disputed] element to that party's case." *Celotex*, 477

U.S. at 322. I view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A.     Officers Schaefer and Davies**

**1.     False Arrest, False Imprisonment, Malicious Prosecution, and Negligence**

Schaefer and Davies argue that they had probable cause to arrest Hansen, and that is a defense to claims for false arrest, false imprisonment, malicious prosecution, and negligence.[1]

Probable cause is a defense to claims for false arrest, false imprisonment, malicious prosecution, and negligence. *See Grover v. Clark Cnty.*, 625 P.2d 85, 86 (Nev. 1981) (affirming summary judgment on a false arrest claim where police had probable cause); *Hernandez v. City of Reno*, 634 P.2d 668, 671 (Nev. 1981) (affirming dismissal of false imprisonment claims where police had probable cause); *LaMantia v. Redisi*, 38 P.3d 877, 879 (Nev. 2002) (noting that lack of probable cause is a necessary element of a malicious prosecution claim). No reasonable jury could conclude that the officers lacked probable cause here. *See* ECF No. 90 at 4-6 (granting summary judgment on a related claim in this case because no reasonable jury could conclude the officers lacked probable cause). I therefore grant summary judgment in favor of Schaefer and Davies on Hansen's claims for false arrest, false imprisonment, malicious prosecution, and negligence.

/ / / /

/ / / /

/ / / /

---

[1] Hansen's negligence claim alleges that the officers misunderstood the county ordinance they sought to enforce, which resulted in an improper arrest. As a result, the negligence claim effectively alleges a lack of probable cause. *See* ECF Nos. 1-1 at 30-31; 83 at 21-23.

### 2. **Fourteenth Amendment Selective Enforcement Against Street Performers**

Schaefer and Davies argue that Hansen offers no evidence of a discriminatory purpose because they did not know of Hansen's alleged status as a street performer when they arrested him. Hansen responds that he was obviously a street performer.[2]

The Equal Protection Clause of the Fourteenth Amendment essentially provides that all similarly situated persons be treated equally under the law. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The government "has discretion in prosecuting its criminal laws, but enforcement is subject to constitutional constraints." *Rosenbaum v. City & Cnty. of S.F.*, 484 F.3d 1142, 1152 (9th Cir. 2007). To prevail on a selective enforcement claim, "a plaintiff must demonstrate that enforcement had a discriminatory effect and the police were motivated by a discriminatory purpose." *Id.* To establish a discriminatory effect, Hansen must show that "similarly situated individuals . . . were not prosecuted." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 920 (9th Cir. 2012) (quotation omitted). "The standard for proving discriminatory effect is a demanding one." *Id.* (simplified). To establish that the officers were motivated by a discriminatory purpose, Hansen must show that the decision to enforce the county ordinance against him was based on an impermissible ground. *Id.* at 922. Thus, he must establish that the officers acted "at least in part because of, not merely in spite of," anticipated adverse effects on street performers. *Rosenbaum*, 484 F.3d at 1153 (simplified).

---

[2] Hansen also responds that he was targeted as a political threat and as a "member[] of the Christian faith." ECF No. 83 at 31. However, I previously ruled that only his selective enforcement claim relating to the street-performer class survived dismissal. ECF No. 30 at 9. Hansen did not thereafter amend his complaint to plead additional Fourteenth Amendment allegations. I therefore do not consider new allegations that the selective enforcement claim is based on anything other than his street-performer status.

No reasonable jury could conclude that the officers based their decision to enforce the county ordinance against Hansen on his status as a member of a street-performer class. Hansen provides no evidence that the arresting officers were aware of his alleged status such that it could have been their purpose for arresting him. The officers testified that they were not aware of his alleged status. ECF No. 58-2 at 15, 17. They based their probable cause determination on surveillance footage showing Hansen standing on the sidewalk with a sign that read "[s]trip clubs[,] it is unavoidable[,] [i]t is your destiny," on one side, and "[h]urray for boobies," on the other. ECF No. 60-10 at 1:14, 2:33; *see generally* ECF No. 90 (discussing the officers' probable cause determination in more depth). There is no evidence that the officers knew that Hansen sought to tell jokes to passersby, or that he was doing so on the night of his arrest. Instead, the record reflects only that the officers would have perceived Hansen as being present on the sidewalk in an advertising capacity.

Furthermore, Hansen admits that he was not performing when the officers confronted him. ECF No. 58-2 at 9. He also admits that club advertising was a primary purpose of his standing on the sidewalk. *See id.* at 3 (stating that Hansen primarily promoted the club "Drai's," and he passed out cards that provided his phone number and read "Nicholas Hansen, Fighting For Your Constitutional Right For Boobies," in the hope that prospective club patrons would go through him to arrange their club visits). Hansen also offers no evidence of similarly situated non-performers who were not prosecuted for similar conduct. Because Hansen fails to provide evidence from which a reasonable jury could conclude that the officers' enforcement of the county ordinance had a discriminatory effect and was based on a discriminatory purpose, I grant summary judgment in favor of Schaefer and Davies as to Hansen's Fourteenth Amendment selective enforcement claim.

### 3. Defamation

Hansen claims he was defamed by an APBnet Bulletin that Metro issued regarding him. Schaefer and Davies argue that Hansen offers no evidence that they participated in publishing the bulletin, and even if they were, it was a privileged publication. Hansen responds that the public interest privilege does not apply because publications by the police carry more weight than publications by private citizens. Hansen does not respond to the officers' argument that they did not publish the bulletin.

Under Nevada law, establishing a claim for defamation requires: "(1) a false and defamatory statement by [the] defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 462 (Nev. 1993) (citing Restatement (Second) of Torts § 558 (1977)).

No reasonable jury could conclude that Schaefer and Davies published the APBnet Bulletin. Hansen does not respond to their argument that they were not involved in the publication, and he points to no evidence that they were. Because Hansen fails to provide evidence from which a reasonable jury could conclude the officers published the allegedly defamatory statement, I grant the motion for summary judgment as to Hansen's defamation claim against them.

### 4. NRS § 171.153

Under Nevada law, "[a]ny person arrested has the right to make a reasonable number of completed telephone calls from the police station or other place at which the person is booked immediately after the person is booked and . . . no later than 3 hours after the arrest." NRS § 171.153(1). Schaefer and Davies argue that there is no private right of action to enforce NRS

§ 171.153, and that I should not imply one. They also argue that, even if I imply a private right of action, Hansen provides no evidence that they prevented him from making a call at the Clark County Detention Center (CCDC). Hansen responds that I should imply a private right of action, and that Schaefer and Davies should have allowed him to use a phone post-arrest, but pre-booking, because they knew Hansen "likely would be detained for more than three hours." ECF No. 83 at 29.

Hansen presents no evidence that Schaefer and Davies were present at CCDC or otherwise denied him a post-booking phone call. *See* ECF Nos. 58-2 at 7 (admitting that the officers were not present at CCDC with Hansen); 82-1 at 6 (the officers turned Hansen over to other officers for transportation to CCDC). An arrestee "has the right to make . . . calls from the police station or other place at which the person is booked." NRS § 171.153(1). Therefore, this right did not vest until Hansen was booked. By then, Schaefer and Davies were no longer involved. Hansen offers no evidence or authority to support the contention that they should have anticipated his post-booking lack of access to a phone. Because there is no evidence that Schaefer and Davies were involved in his booking at CCDC or subsequent telephone access, I grant them summary judgment as to the alleged violation of NRS § 171.153.

### B. Joe Lombardo

It is unclear from the complaint whether Hansen is suing Lombardo in his individual capacity, his official capacity, or both. To the extent that Hansen is suing Lombardo in his individual capacity, all of his claims against Lombardo fail for the same reasons they fail against Schaefer and Davies. Consequently, I grant summary judgment on all claims against Lombardo in his individual capacity.

However, if Hansen is suing Lombardo in his official capacity, he might be able to maintain claims for defamation and violation of NRS § 171.153. The parties are to confer regarding the capacity in which Hansen is suing Lombardo. If Hansen is suing Lombardo in his official capacity, I will require supplemental briefs addressing Lombardo's party status and whether claims against him for defamation or violation of NRS § 171.153 should survive summary judgment. The parties' supplemental briefs must address how NRS § 41.036(2) applies to claims against Lombardo in his official capacity. They must also address how NRS § 41.0337 applies in this new context, keeping in mind that this matter was removed to federal court. *See, e.g.*, *Perez v. Daniels*, No. 2:21-cv-2059-GMN-EJY, 2022 WL 605305, at *4 (D. Nev. Feb. 28, 2022) (dismissing state tort claims where complying with NRS § 41.0337 in federal court would conflict with the Eleventh Amendment). The parties must also more thoroughly address whether I should imply a private right of action under NRS § 171.153, and whether a violation of that statute would constitute a "tort action" or an action "arising out of a tort" for purposes of NRS §§ 41.0337 and 41.036(2). The parties may also address any other arguments they wish for me to consider in relation to those two claims.

## II. CONCLUSION

I THEREFORE ORDER that defendants Theodor Schaefer, Darrel Davies, and Joe Lombardo's motion for summary judgment **(ECF No. 58) is GRANTED in part.** Schaefer and Davies are entitled to judgment on all claims against them. Lombardo is entitled to judgment on all claims against him in his individual capacity. Because there may be claims remaining, I will not enter judgment at this time. Fed. R. Civ. P. 54(b).

I FURTHER ORDER the parties to confer as to Joe Lombardo's party status by April 15, 2022. If Hansen intended to sue Lombardo in his official capacity, the parties must submit

supplemental briefs on the claims for defamation and violation of NRS § 171.153 consistent with this order.  Those briefs are due by April 29, 2022.  If the parties agree that Lombardo was not sued in his official capacity, then they shall file a joint status report indicating their agreement, at which time I will enter final judgment in favor of the defendants.

DATED this 31st day of March, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE